IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MODESTA JACINTO,

    Plaintiff,

v.

DITECH FINANCIAL LLC, et al.,

    Defendants.

Case No. 16-cv-02815-MMC

**ORDER GRANTING DEFENDANTS DITECH AND MERS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is the "Motion to Dismiss First Amended Complaint," filed July 12, 2016, by defendants Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Moving Defendants").[1] Plaintiff Modesta Jacinto has filed opposition, to which Moving Defendants have filed a reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

## BACKGROUND

On or about February 17, 2006, plaintiff obtained a loan from Homecomings Financial Network, Inc. ("Homecomings") in the amount of $275,000; the loan was in the form of a promissory note secured by a deed of trust ("Deed of Trust") on real property located in Healdsburg, California, which Deed of Trust was recorded in Sonoma County,

---

[1] The instant action was removed from state court by Moving Defendants. Before the removal, a third defendant, National Default Servicing Corporation ("NDSC"), filed a "Declaration of Non-Monetary Status" in state court, and consented to removal of the action to federal court. (See Not. Removal Ex. B, Ex. 4.) NDSC has not filed a motion to dismiss or joined in the instant motion.

[2] By order filed September 16, 2016, the Court took the motion under submission.

California.  (See First Amended Complaint ("FAC") ¶¶ 2, 11, 12, 13.)

On or about June 14, 2012, defendant MERS, as "nominee" for Homecomings, assigned the Deed of Trust to GMAC Mortgage, LLC ("GMAC").  (See id. ¶¶ 8, 14-15.)  On or about May 16, 2013, GMAC assigned the Deed of Trust to Green Tree Servicing LLC, doing business as Ditech Financial LLC.  (See id. ¶ 16.)

On or about November 9, 2015, defendant NDSC, as trustee for defendant Ditech, recorded in Sonoma County a "Notice of Default and Election to Sell Under Deed of Trust."  (See id. ¶¶ 6, 17.)[3]  To date, no foreclosure sale has been conducted.  (See id. ¶ 85 (seeking order enjoining defendants from conducting foreclosure sale).)

Plaintiff alleges the above-referenced assignments were defective, and, based thereon, asserts seven Causes of Action, titled, respectively, "Wrongful Foreclosure," "Violation of Civil Code of Procedure § 2924(a)(6)," "Violation of Civil Code of Procedure § 2924.17," "Violation of the Covenant of Good Faith and Fair Dealing," "Violation of California Bus. & Prof. Code Sections 17200 et seq.," "Declaratory Relief," and "Equitable Estoppel."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[3] The FAC's initial reference to said date as "November 9, 2016" (see FAC ¶ 17), appears to be a typographical error (see id. ¶¶ 96, 104, 108, 109 (alleging notice was recorded on "November 9, 2015")).

2

1  of the elements of a cause of action will not do." See id. (internal quotation, citation, and
2  alteration omitted).

3  In analyzing a motion to dismiss, a district court must accept as true all material
4  allegations in the complaint, and construe them in the light most favorable to the
5  nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To
6  survive a motion to dismiss, a complaint must contain sufficient factual material, accepted
7  as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.
8  662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be
9  enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555.
10 Courts "are not bound to accept as true a legal conclusion couched as a factual
11 allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

### A.  First Cause of Action: "Wrongful Foreclosure"

In the First Cause of Action, plaintiff alleges defendants are attempting to foreclose on her home "without any legal authority or standing to do so" (see FAC ¶ 84) because, according to plaintiff, the assignments of the Deed of Trust from Homecomings to GMAC and from GMAC to Ditech are void (see id. ¶¶ 73-75).

At the outset, Moving Defendants, citing, inter alia, Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497 (2013), contend plaintiff cannot bring a wrongful foreclosure claim before a foreclosure sale has occurred. See id. at 511 ("California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure."). In response, plaintiff cites to a recent decision, Yvanova v. New Century Mortgage Corporation, 62 Cal. 4th 919 (2016), wherein the California Supreme Court held that "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." See id. at

924. The holding in Yvanova, however, was expressly limited to post-foreclosure challenges. See id. ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."). Here, no foreclosure sale has occurred, and, consequently, plaintiff's wrongful foreclosure claim is premature. See, e.g., Jenkins, 216 Cal. App. 4th at 511. Moreover, even if not premature, none of plaintiff's allegations, as discussed below, sets forth a cognizable ground upon which to challenge a foreclosure sale.

Plaintiff alleges her promissory note and Deed of Trust were sold into a securitized trust formed pursuant to New York law (see FAC ¶¶ 18, 19, 77) but that neither document was properly assigned into such trust pursuant to the trust's governing "Pooling and Servicing Agreement" ("PSA") (see id. ¶¶ 22, 26, 70-71). In particular, plaintiff first alleges that the assignments of the Deed of Trust from Homecomings to GMAC and from GMAC to Ditech are in violation of the PSA because, according to plaintiff, both occurred after the closing date of the trust. (See id. ¶¶ 72-75.) Further, plaintiff alleges, even if the Deed of Trust had been transferred into the securitized trust by its closing date, the promissory note would not have been transferred into such trust in accordance with the PSA, which, according to plaintiff, requires "a complete and unbroken chain of transfers and assignments to and from each intervening party." (See id. ¶ 76.)

In Yvanova, the California Supreme Court held that a borrower may base a wrongful foreclosure action upon "an allegation that the assignment was void, and not merely voidable at the behest of the parties to the assignment." See Yvanova, 62 Cal. 4th at 923. As explained therein, a void contract is "without legal effect" from the start, and "neither action nor inaction of a party to it can validate it," see id. at 929 (internal quotation and citation omitted), whereas a voidable contract "may be declared void but is not void in itself," as any defects are "subject to ratification by the parties," see id. at 930.

Citing Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013), plaintiff argues the alleged violations of the PSA render the assignments void. In Glaski, the California Court of Appeal, in considering a securitized trust formed under New York law

4

and governed by a PSA that established "a closing date after which the trust may no longer accept loans," see id. at 1096, held that any "[t]ransfers that violate the terms of the trust instrument are void under New York trust law." See id. at 1083.  Subsequent thereto, however, the Second Circuit, having conducted a thorough review of New York case law, "conclud[ed] that as unauthorized acts of a trustee may be ratified by the trust's beneficiaries, such acts are not void but voidable," see Rajamin v. Deutsche Bank Nat. Trust. Co., 757 F.3d 79, 90 (2d Cir. 2014), and a New York appellate court thereafter overturned the trial court decision upon which Glaski had relied, see Wells Fargo Bank, N.A. v. Erobobo, 9 N.Y.S.3d 312, 314 (N.Y. App. Div. 2015) (holding borrower may not bring claim "based upon purported noncompliance with certain provisions of the PSA"). More recently, both the Ninth Circuit and the California Court of Appeal have held an act in violation of a trust agreement, such as a PSA, is voidable, not void, under New York law.  See Morgan v. Aurora Loan Services, LLC, 646 Fed. App'x 546, 550 (9th Cir. 2016) (holding "act in violation of a trust agreement is voidable—not void—under New York law"); Yhudai v. Impac Funding Corp., 1 Cal. App. 5th 1252, 1259 (2016) (holding "a post-closing assignment of a loan into an investment trust that violates the terms of the trust renders the assignment voidable, not void, under New York law"); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016) (holding assignment of loan to securitized trust after closing date was "merely voidable" under New York law).

Accordingly, plaintiff's First Cause of Action is, on both procedural grounds and on the merits, subject to dismissal without leave to amend.[4]

**B.   Second Cause of Action: "Violation of Civil Code of Procedure § 2924(a)(6)"**

In the Second Cause of Action plaintiff alleges defendants violated § 2924 (a)(6) of the California Civil Code, which provides as follows:

---

[4] Given such ruling, the Court does not address herein Moving Defendants' argument that the FAC does not contain sufficient factual allegations, such as the name of the securitized trust or the date the loan was transferred into the securitized trust.

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Cal. Civ. Code § 2924(a)(6). Plaintiff alleges MERS, Ditech, and NDSC "do not have standing to record a [n]otice of [d]efault." (See FAC ¶ 100.)

Plaintiff brings her claim under three theories. First, she alleges § 2924(a)(6) "states that for an entity to properly record a notice of default, that entity must be entitled to enforce both the [n]ote and the [d]eed of [t]rust." (See FAC ¶ 91 (emphasis omitted).) The statute includes no such requirement; rather, it requires only that the entity either hold the beneficial interest, be a designated agent of such holder, or be the original or substituted trustee under the deed of trust. See Cal. Civil Code § 2924(a)(6).

Second, plaintiff alleges "the note and the [d]eed of [t]rust must remain together" in order for an entity to be the "holder of the beneficial interest." (See FAC ¶ 92.) Contrary to such allegation, however, the procedures to be followed under California's nonjudicial foreclosure law "do not require that the note be in the possession of the party initiating the foreclosure." See Debrunner v. Deutsche Bank Nat. Trust Co., 204 Cal.App.4th 433, 440 (2012).

Third, plaintiff alleges defendants do not have "standing" to record the notice of default. (See FAC ¶ 97.) To the extent such theory relies on the defects alleged in the First Cause of Action, the claim also fails, as "no injunctive relief is available" for a violation of § 2924(a)(6). See Lucioni v. Bank of America, N.A., 3 Cal. App. 5th 150, 155 (2016).

Lastly, as Moving Defendants correctly argue, the Second Cause of Action, to the extent brought against MERS, fails for the additional reason that the FAC alleges no facts suggesting MERS had any role in the challenged recordation or otherwise in the

foreclosure process. Section 2924(a)(6) applies to entities that either "record . . . a notice of default" or "cause [such notice] to be recorded." See Cal. Civ. Code § 2924(a)(6). Here, plaintiff alleges NDSC recorded the notice "on behalf of" Ditech (see FAC ¶ 96) and that MERS assigned its interest in the Deed of Trust in 2012, more than three years before the notice of default allegedly was entered (see id. ¶¶ 14-15).

Accordingly, the Second Cause of Action is subject to dismissal without leave to amend.

### C. Third Cause of Action: "Violation of Civil Code of Procedure § 2924.17"

In the Third Cause of Action, plaintiff alleges Ditech and NDSC violated § 2924.17(b) of the California Civil Code, which requires that a mortgage servicer, "before recording or filing," amongst other things, a notice of default, "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." See Cal. Civ. Code § 2924.17(a)-(b).[5]

In support of such claim, plaintiff alleges that, if Ditech and NDSC had "reviewed her file competently," they "would have seen" their "fail[ure] to put the correct amount owed in the [n]otice of [d]efault" (see FAC ¶ 107) and would not have "record[ed] a [n]otice of [d]efault with improperly verified loan status and loan information" (see id. ¶ 109.)[6] As Moving Defendants point out, however, plaintiff fails to provide any factual

---

[5] The Court notes that plaintiff seeks, inter alia, "statutory damages" as relief for the alleged § 2924.17 violation. (See FAC ¶ 112). A plaintiff is not entitled to such damages until "[a]fter a trustee's deed of sale has been recorded." See Cal. Civ. Code §§ 2924.12(b), 2924.19(b).

[6] In her opposition, plaintiff states the Third Cause of Action should be understood to be based additionally on her allegations that defendants "did not have proper standing to initiate foreclosure proceedings." (See Pl.'s Opp. at 12:23-28.) Assuming the FAC can reasonably be interpreted in such a manner, the claim nonetheless would appear to fail. See Lucioni, 3 Cal. App. 5th at 163 (holding § 2924.17 "does not create a right to litigate, preforeclosure, whether the foreclosing party's conclusion that it had the right to foreclose was correct") (emphasis omitted).

7

support for her claim. She does not allege the amount stated in the notice or what amount should have been stated therein, nor does she identify what information, if any, was improperly verified. Without such supporting facts, plaintiff's claim necessarily fails. See Iqbal, 556 U.S. at 678-79 (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions"); see, e.g., Snyder v. Bank of America, N.A., No. 15-CV-04228-EDL, 2016 WL 109981, at *7 (N.D. Cal., Jan. 8, 2016) (holding that, "[w]ithout further explanation in the FAC, [p]laintiff's conclusory allegation that the [m]oving [d]efendants failed to review competent and reliable evidence based solely on the amount they claim she owed is insufficient to state a claim for violation of California Civil Code § 2924.17").

Accordingly, the Third Cause of Action is subject to dismissal with leave to amend.

### D.  Fourth Cause of Action: "Breach of the Covenant of Good Faith and Fair Dealing"

Plaintiff's Fourth Cause of Action alleges defendants breached the implied covenant of good faith and fair dealing by (1) denying her "the benefits of the loan contract which set [her] up for certain default" (see FAC ¶115 (emphasis omitted)), and (2) "attempting to collect on [her] [l]oan without any lawful standing or authority to do so" (see id.).

The former theory fails for lack of supporting factual allegations and the latter fails for the reasons already discussed by the Court in Section A above. See Jenkins, 216 Cal. App. 4th at 528 (holding complaint "fails to satisfy the fundamental prerequisite for a claim asserting a breach of the implied covenant of good faith and fair dealing—a specific allegation [defendant's] actions did something to interfere with [plaintiff's] right to receive the benefits of the agreement"); see also Saterbak, 245 Cal. App. 4th at 814-15 (holding borrower "lacks standing to challenge alleged defects" in the assignment of a deed of trust to a securitized trust where such claim is brought preforeclosure and the challenged assignment is "merely voidable" under applicable law).

Accordingly, the Fourth Cause of Action is subject to dismissal with leave to

amend as to the former theory and without leave to amend as to the latter.

  **E. Fifth Cause of Action: "Violation of California Bus. & Prof. Code § 17200 et. seq. and 17500 et seq."**

  In the Fifth Cause of Action, plaintiff alleges a violation of § 17200 of the California Business and Professions Code (see FAC ¶ 121), which prohibits "any unlawful, unfair or fraudulent business act or practice." See Cal. Bus. & Prof. Code § 17200. In particular, plaintiff alleges, defendants engaged in "deceptive business practices" by "marketing and funding a predatory loan that obligated [plaintiff] to make payments well beyond what [she] could afford" (see FAC ¶ 119), "attempting to collect on a debt that was void and unenforceable" (see id.), and "fraudulently recommending, offering, marketing, accepting, purchasing and or collecting on a debt/mortgage that they each knew or should have known was void due to the illegal nature of the contract that would inevitably cause default before completion of the loan term and was therefore unconscionable as a violation of the public policy of promoting home ownership and preventing foreclosures" (see id. ¶ 120.)

  To the extent the cause of action is predicated on allegations of improprieties that occurred at the time of loan origination, Moving Defendants argue plaintiff's claim is barred by the statute of limitations. The Court agrees such claim is subject to dismissal, but with leave to amend. Claims asserted under § 17200 must be brought within four years of the date upon which the cause of action accrues. See Cal. Bus. & Prof. Code § 17208. Here, plaintiff alleges the promissory note and deed of trust were executed on February 17, 2006. (See FAC ¶ 11.) She did not file the initial complaint in the instant action, however, until April 4, 2016 (see Not. Removal Ex. A), more than ten years later, and neither that pleading nor the FAC includes any factual allegations that would support tolling of the statute of limitations. Moreover, plaintiff's conclusory allegation that defendants "market[ed] and fund[ed] a predatory loan that obligated [plaintiff] to make payments well beyond what [she] could afford" (see FAC ¶ 119) lacks sufficient factual support. See Iqbal, 556 U.S. at 678-79 (holding complaint subject to dismissal where it

9

lacks "sufficient factual matter" to support its "legal conclusions").

Next, to the extent the cause of action is predicated on allegations that defendants are attempting to collect on a void loan, it is derivative of the First Cause of Action and consequently is subject to dismissal without leave to amend for the reasons stated in Section A above. Lastly, to the extent the cause of action may be predicated on some other unlawful, fraudulent, or unfair practice, it fails for lack of supporting factual allegations, see id., and, consequently, is subject to dismissal with leave to amend.

Accordingly, the Fifth Cause of Action is subject to dismissal with leave to amend as set forth above.

### F. Sixth Cause of Action: "Declaratory Relief"

Plaintiff's Sixth Cause of Action seeks a "judicial determination of [plaintiff's] rights and a declaration as to the duties and obligations of all [d]efendants in this controversy." (See FAC ¶ 130.) In support thereof, plaintiff alleges defendants have engaged in "deceptive activity" (see id. ¶ 127), defendants have violated §§ 17200-17500 (see id. ¶ 128), and that an "actual controversy" exists as to defendants' "standing and capacity to enforce any provisions within [the Deed of Trust and promissory note]" (see id. ¶ 129).

To the extent the cause of action is predicated on allegations that defendants are attempting to collect on a void loan, it is derivative of the First Cause of Action and, consequently, is subject to dismissal without leave to amend for the reasons stated in Section A above.

To the extent the cause of action is predicated on allegations that defendants violated §§ 17200-17500, it is derivative of the Fifth Cause of Action and, consequently, is subject to dismissal with partial leave to amend for the reasons stated in Section E above.

Accordingly, the Sixth Cause of Action is subject to dismissal with leave to amend as set forth above.

### G. Seventh Cause of Action: "Equitable Estoppel"

Plaintiff's Seventh Cause of Action seeks an order by which defendants are

"estopped based on equitable considerations from taking any action to enforce the contract in a detrimental manner against plaintiff, including, but not limited to, recording any [n]otice of [d]efault and commencing any foreclosure proceedings on the subject real property." (See FAC ¶134.)  In support thereof, plaintiff alleges defendants "seek to foreclose . . . based on a void and unenforceable contract" and "knew or should have known that the loan agreement which they claim ownership of and the right to enforce, was illegal, fraudulent and unconscionable, and yet took the assignment of the interest in the loan with such knowledge." (See id. ¶ 133.)

As Moving Defendants note, equitable estoppel is a doctrine that is "defensive in nature only" and "cannot be stated as an independent cause of action in California." See Moncada v. West Coast Quartz Corp., 221 Cal. App. 4th 768, 782 (2013).

Moreover, to the extent the cause of action is predicated on allegations that defendants are attempting to collect on a void loan, it is derivative of the First Cause of Action and consequently is subject to dismissal without leave to amend for the reasons stated in Section A above.

Accordingly, the Seventh Cause of Action is subject to dismissal without leave to amend.

### H. Non-Moving Defendant NDSC

The deficiencies identified above are equally applicable to the sole non-moving defendant, NDSC, which plaintiff alleges is the "foreclosure trustee." (See FAC ¶ 6). Accordingly, the complaint is subject to dismissal as against said additional defendant. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss complaint as to one defendant, court may dismiss complaint against non-moving defendant "in a position similar to that of moving defendants").

## CONCLUSION

For the reasons stated above, Moving Defendants' motion to dismiss is hereby GRANTED as follows:

11

1.  To the extent the motion seeks dismissal of the First, Second, and Seventh Causes of Action, said causes of action are DISMISSED without leave to amend.

2.  To the extent the motion seeks dismissal of the Third, Fourth, Fifth, and Sixth Causes of Action, said causes of action are DISMISSED with limited leave to amend as set forth above. Should plaintiff wish to file an amended complaint for purposes of curing the identified deficiencies, plaintiff shall file, no later than November 14, 2016, a Second Amended Complaint. Plaintiff may not, however, add any new causes of action or add any new defendant without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

In light of such dismissal, the Case Management Conference presently scheduled for November 4, 2016 is hereby CONTINUED to February 10, 2017.

**IT IS SO ORDERED.**

Dated: October 26, 2016

MAXINE M. CHESNEY
United States District Judge