IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTA JACINTO,<br>    Plaintiff,<br>    v.<br>DITECH FINANCIAL LLC, et al.,<br>    Defendants. | Case No. 16-cv-02815-MMC<br><br>**ORDER GRANTING DEFENDANTS DITECH AND MERS' MOTION TO DISMISS; VACATING HEARING; DISMISSING ACTION**<br><br>Re: Dkt. No. 57 |

Before the Court is the "Motion to Dismiss Plaintiff's Second Amended Complaint," filed December 1, 2016, by defendants Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Moving Defendants").[1] Plaintiff Modesta Jacinto ("Jacinto") has filed opposition,[2] to which Moving Defendants have filed a reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 6, 2017, and hereby rules as follows.

By order filed October 26, 2016, the Court dismissed Jacinto's First Amended Complaint ("FAC") in its entirety, and granted Jacinto leave to amend to allege sufficient facts to support four of her seven causes of action. Thereafter, on November 14, 2016, Jacinto filed her Second Amended Complaint ("SAC"). By the instant motion, Moving

---

[1] A third defendant, National Default Servicing Corporation ("NDSC"), filed a "Declaration of Non-Monetary Status" in state court, and, to date, has not filed any additional documents.

[2] Although, as Moving Defendants correctly point out, Jacinto's opposition was filed one day late, the Court nonetheless has considered it in ruling on the instant motion.

1  Defendants argue, inter alia, that Jacinto has failed to cure the deficiencies previously
2  identified by the Court.   As set forth below, the Court agrees.

3  With respect to Jacinto's First Cause of Action, titled "Violation of Cal. Civ. Code
4  2924.17," the only new allegations are conclusory in nature (see SAC ¶¶ 73-74), and,
5  further, fail to address, let alone cure, the deficiency previously identified by the Court,
6  specifically, the failure to allege facts to support her conclusory allegation that the amount
7  owed was incorrect.

8  Similarly, with respect to Jacinto's Second Cause of Action, titled "Violation of the
9  Covenant of Good Faith and Fair Dealing," the only new allegation is conclusory in nature
10 (see id. ¶ 83), and, further, fails to address, let alone cure, the deficiency previously
11 identified by the Court, specifically, the failure to allege facts to support her conclusory
12 allegation that she was denied the benefits of the loan contract.

13 Jacinto's Third Cause of Action, titled "Violation of California Bus. & Prof. Code
14 Sections 17200 Et Seq.," is unchanged in any respect, and, consequently, Jacinto has
15 failed to cure the deficiencies previously identified by the Court, specifically, the failure to
16 allege facts to support tolling of the statute of limitations and facts to support her
17 allegation that defendants marketed and funded a predatory loan.

18 Jacinto's Fourth Cause of Action, titled "Declaratory Relief," likewise is unchanged,
19 and, as said claim is derivative of her § 17200 claim, it fails for the reasons stated above
20 with respect to the Third Cause of Action.[3]

21 Lastly, as the deficiencies identified above are equally applicable to NDSC, the
22 SAC is subject to dismissal as against said additional defendant as well. See Silverton v.
23 Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants
24 motion to dismiss complaint as to one defendant, court may dismiss complaint against
25 non-moving defendant "in a position similar to that of moving defendants").

---

[3] In the FAC, the above-referenced four claims were set forth, respectively, as the Third through Sixth Causes of Action.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the above-titled action is hereby DISMISSED without further leave to amend. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2017

MAXINE M. CHESNEY
United States District Judge